**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNAMARIE JONES, | No. CIV S-06-1681-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |
| _____ / | |

      Plaintiff, who is proceeding pro se, brings this civil action alleging that her mother's social security benefits are being improperly withheld. Specifically, plaintiff alleges in part as follows:

      1.    Even though the Social Security Adm. (SSA) had notice of the lack of due process in taking her liberty and Social Security income they chose to ignore it.

      * * *

      2.    CA Probate 5204 should have prevented them from ever seizing my mother's Social Security income if they had been cognizant of the law. CA Welfare & Institutions Code (WIC) 14005.12 and Social Security's own policy forbids or shows where her income is to go when she is in a skilled nursing facility.

1  As a remedy, plaintiff seeks an order compelling defendant to "[r]elease my Mother in
2  compliance with CA WIC 5276 (Writ of Habeas Corpus) and return the $40,000 plus another
3  $60,000 for punitive damages."  The complaint does not reveal the identify of plaintiff's mother,
4  who is not a plaintiff to this action.
5          Pending before the court are plaintiff's request for the court to direct service of
6  this action by the United States Marshal without prepayment of costs, and plaintiff's request for
7  issuance of a subpoena compelling her mother's attendance at the scheduling conference set in
8  this matter for December 12, 2006, in Redding, California.  As to plaintiff's request for service
9  of this action by the U.S. Marshal without prepayment of costs therefor, such relief is only
10 available to litigants who have been granted in forma pauperis status.  In this case, plaintiff has
11 paid the filing fee and has not requested in forma pauperis status.  Therefore, the court cannot
12 direct service of this action by the U.S. Marshal without prepayment of costs.
13         As to plaintiff's request for issuance of a subpoena for her mother's attendance at
14 the upcoming scheduling conference, plaintiff does not recite sufficient facts for this court to
15 grant the request.  Specifically, plaintiff does not state why issuance of a subpoena is necessary.
16 For example, if plaintiff's mother were incarcerated, under an order of conservatorship, or
17 otherwise not free to make her own travel decisions, this court may be able to direct her
18 attendance.  Therefore, the request will be denied at this time.
19         Finally, plaintiff is advised that it appears that she may not have standing to assert
20 claims on behalf of her mother.  Because a pro se litigant cannot represent anyone other than
21 themselves, see Johns v. City of San Diego, 114 F.3d 874 (9th Cir. 1997), and because plaintiff
22 may not have standing to pursue claims on behalf of her mother, plaintiff should be prepared to
23 discuss with the court at the status conference why this action should not be dismissed without
24 prejudice to her mother bringing an action in her own name, either pro se or with the assistance
25 of counsel.
26 ///

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for service of
2  this action by the U.S. Marshal and request for issuance of a subpoena are denied.

4  DATED: November 27, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE