IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNAMARIE JONES, | No. CIV S-06-1681-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |
| _____/ | |

      A status/scheduling conference was held in this matter on December 12, 2006, at 10:00 a.m. before the undersigned.  Plaintiff Annamarie Jones appeared pro se.  Assistant United States Attorney Kurt Didier appeared specially for defendant.

      Plaintiff brings this federal civil action alleging, among other things, that her mother's social security benefits are being improperly withheld.  As a remedy, plaintiff seeks an order compelling defendant to "[r]elease my Mother in compliance with CA WIC 5276 (Writ of Habeas Corpus) and return the $40,000 plus another $60,000 for punitive damages."  The complaint does not reveal the identify of plaintiff's mother, who is not a plaintiff to this action.  Based on plaintiff's filings in this action to date, and on her representations to the court at the December 12, 2006, hearing, the following facts appear to be relevant to plaintiff's case:

      1.     Plaintiff's mother is the recipient of social security benefits;

      2.      Plaintiff's mother is the conservatee in a state court proceeding by way of an order issued in February 2004;

      3.      The state court has appointed a conservator other than the plaintiff herein for plaintiff's mother;

      4.      The state court declared in an order issued March 2004 that plaintiff does not represent her mother's legal interests.

The gravamen of plaintiff's claim is that her mother's conservatorship is not being appropriately administered. Plaintiff also claims that her mother's social security benefits are not being distributed according to law.

      As expressed at the December 12, 2006, hearing, the court has two concerns with the propriety of plaintiff proceeding with this action. First, it seems that plaintiff's mother is the allegedly injured party. Because plaintiff is proceeding pro se, she cannot represent anyone's interests other than her own. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that pro se parent or guardian cannot bring suit on behalf of minor child); C.E. Property Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding that pro se trustee cannot represent trust); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (holding that a pro se plaintiff may not represent other plaintiffs). Plaintiff has not alleged that the conduct of defendant Social Security Administration in any way caused her to suffer injury. Plaintiff's assertion that her mother's social security benefits are not being paid directly to her (plaintiff) is not sufficient given the facts above. Specifically, plaintiff does not appear to have any legal entitlement to her mother's social security benefits.

      Second, aside from plaintiff's standing to sue, the federal court is not the correct forum for plaintiff's claims. It is not for this court to sit in review of a state court's judgments on matters of state law. Addressing plaintiff's reference to habeas corpus, while the federal habeas corpus statute provides a limited exception to this rule in that it allows federal courts to review state court criminal judgments, see 28 U.S.C. § 2254, this is not a habeas corpus case. In particular, no state court criminal judgment is at issue in this case. In addition, neither plaintiff

nor her mother are incarcerated. As to plaintiff's references to the California Civil Code and Probate Code, state statutes which confer jurisdiction in the <u>state courts</u> to hear particular claims do not also confer jurisdiction in the <u>federal courts</u>. Whereas state courts have general jurisdiction and can hear any kind of claim, federal courts have limited jurisdiction and, very generally speaking, can only hear cases involving disputes between citizens of different states and disputes involving federal questions.

While the court believes that plaintiff is concerned for her mother's welfare, that concern does not confer upon her a legal right to sue in this court. Because it appears that this court lacks subject matter jurisdiction, plaintiff's complaint will be dismissed. <u>See</u> Fed. R. Civ. P. 12(h). However, the court will provide plaintiff an opportunity to amend her complaint in light of the concerns set forth herein. Plaintiff is encouraged to attach to her amended complaint any documents, and in particular court orders and social security documents, which have a bearing on plaintiff's claims. Plaintiff is cautioned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. <u>See</u> Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint, to be captioned "First Amended Complaint," within 60 days of the date of this order; and

3. Plaintiff is directed to serve a copy of her amended complaint, along with a copy of this order, on the individual appointed as her mother's conservator.

DATED: December 12, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE