**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ANNAMARIE JONES,                          No. CIV S-06-1681-CMK

       Plaintiff,

   vs.                                              <u>ORDER</u>

SOCIAL SECURITY
ADMINISTRATION,

       Defendant.

_____/

       Plaintiff brings this federal civil action alleging, among other things, that her mother's social security benefits are being improperly withheld.  As a remedy, plaintiff seeks an order compelling defendant to "[r]elease my Mother in compliance with CA WIC 5276 (Writ of Habeas Corpus) and return the $40,000 plus another $60,000 for punitive damages."  The case now proceeds on plaintiff's first amended complaint (Doc. 13), filed on February 8, 2007.  Pursuant to the consent of the parties, this matter is before the undersigned for all purposes including entry of final judgment.

/ / /

/ / /

1

1    The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

3  § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

4  granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening

5  provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

6  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

7  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

8  1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

9  dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

10 matter."  Because plaintiff is not a prisoner seeking relief from a government entity, see 28

11 U.S.C. § 1915A(a), and because plaintiff has not been granted in forma pauperis status, see 28

12 U.S.C. § 1915(e)(2), these statutes do not provide specific authority for this court to screen the

13 complaint for sufficiency prior to service.  Pursuant to Federal Rule of Civil Procedure 12(h),

14 however, the court will now consider subject matter jurisdiction.[1]


16                                      **I. BACKGROUND**

17    **A.    The Original Complaint**

18    In her original complaint, plaintiff alleged that her mother's social security

19 benefits are being improperly withheld.  Specifically, plaintiff alleged in part as follows:

20            Even though the Social Security Adm. (SSA) had notice of the
              lack of due process in taking her liberty and Social Security income they
21            chose to ignore it.

22            * * *

23 / / /

24 / / /

25 ─────────────────────
          [1]    The court notes that, on March 5, 2007, defendant filed a motion to dismiss
26 arguing, among other things, lack of subject matter jurisdiction under Rule 12(h).

                                            2

1            CA Probate 5204 should have prevented them from ever seizing
my mother's Social Security income if they had been cognizant of the law.
2    CA Welfare & Institutions Code (WIC) 14005.12 and Social Security's
own policy forbids or shows where her income is to go when she is in a
3    skilled nursing facility.

4    The original complaint did not reveal the identify of plaintiff's mother, who is not a plaintiff to

5    this action.[2]

6            The original complaint also contained allegations with respect to a

7    conservatorship established on behalf of her mother by the state court.   It appears that plaintiff is

8    challenging an order issued by a state court judge – Fritz Barclay – declaring her mother

9    incompetent and appointing a conservator.  Plaintiff refers to this as a "kidnaping."  Plaintiff

10   mentions "drugging," which seems to refer to a state court order requiring plaintiff's mother to

11   take anti-psychotic medications.  Plaintiff also complained that $90,000.00 has been taken from

12   her mother.  It appeared that this money refers to plaintiff's mother's social security benefits.  An

13   example of plaintiff's allegations is as follows::

14           In May of 2006 even [though my mother] was on three
antidepressants, she was extremely depressed and come to find out [Dr.]
15   Colas had her on twice the recommended dosage of Elavil and at her age
she is not even supposed to be on it.  Lassen County Mental Health at this
16   time agreed to see her and said it would be in the crisis category, so
nobody would have to pay for it.  The Modoc County Public Guardian and
17   conservator would not hear of it and roadblocked it.
        The conservator has also said if she doesn't get over all of this, she
18   will medicate her and nurses who heard this, did not object – VERY
CALLOUS!

19

20           As to her standing to sue, plaintiff stated that California Probate Code § 17200

21   allows her, as a "beneficiary to a trust set up by my parents" and as their legal heir, to sue for the

22   impact on her of being a "witness to injury being done to another."  As a remedy, plaintiff

23   requested an order compelling defendant to "[r]elease my Mother in compliance with CA WIC

24   5276 (Writ of Habeas Corpus) and return the $40,000 plus another $60,000 for punitive

25   

26        [2]     In a statement filed by plaintiff on December 5, 2006, she identified her mother as
Verla N. Jones.

1 damages."

2     **B.**    **Initial Status Conference**

3     An initial status conference was held in his matter on December 12, 2006.  At that

4 hearing, the following facts were confirmed by plaintiff:

5         1.    Plaintiff's mother is the recipient of social security benefits;

6         2.    Plaintiff's mother is the subject of a state court conservatorship order
issued in February 2004;

7

8         3.    The state court has appointed a conservator for plaintiff's mother;

9         4.    The state court declared in an order issued March 2004 that plaintiff does
not represent her mother's legal interests.

10     As expressed at the December 12, 2006, hearing, the court had two concerns with

11 the propriety of plaintiff proceeding with this action.   In an order issued following the

12 conference, the court stated:

13       . . . First, it seems that plaintiff's mother is the allegedly
injured party.  Because plaintiff is proceeding pro se, she cannot represent

14 anyone's interests other than her own.  See Johns v. County of San Diego,
114 F.3d 874, 877 (9th Cir. 1997) (holding that pro se parent or guardian

15 cannot bring suit on behalf of minor child); C.E. Property Equity Trust v.
United States, 818 F.2d 696, 697-98 (9th Cir. 1987) (holding that pro se

16 trustee cannot represent trust); McShane v. United States, 366 F.2d 286,
288 (9th Cir. 1966) (holding that a pro se plaintiff may not represent other

17 plaintiffs).  Plaintiff has not alleged that the conduct of defendant Social
Security Administration in any way caused her to suffer injury.  Plaintiff's

18 assertion that her mother's social security benefits are not being paid
directly to her (plaintiff) is not sufficient given the facts above.

19 Specifically, plaintiff does not appear to have any legal entitlement to her
mother's social security benefits.

20       Second, aside from plaintiff's standing to sue, the federal
court is not the correct forum for plaintiff's claims.  It is not for this court

21 to sit in review of a state court's judgments on matters of state law.
Addressing plaintiff's reference to habeas corpus, while the federal habeas

22 corpus statute provides a limited exception to this rule in that it allows
federal courts to review state court criminal judgments, see 28 U.S.C.

23 § 2254, this is not a habeas corpus case.  In particular, no state court
criminal judgment is at issue in this case.  In addition, neither plaintiff nor

24 her mother are incarcerated.  As to plaintiff's references to the California
Civil Code and Probate Code, state statutes which confer jurisdiction in

25 the state courts to hear particular claims do not also confer jurisdiction in
the federal courts.  Whereas state courts have general jurisdiction and can

26 hear any kind of claim, federal courts have limited jurisdiction and, very

1  generally speaking, can only hear cases involving disputes between
2  citizens of different states and disputes involving federal questions.

3  Based on these concerns, the court dismissed the original complaint with leave to amend.  In

4  particular, plaintiff was encouraged to attach to her amended complaint any documents,

5  including court orders and social security documents, which have a bearing on plaintiff's claims.

6  **C.    The First Amended Complaint**

7  In her first amended complaint, plaintiff states that, according to Reader's Digest,

8  "the federal courts have jurisdiction in federal criminal cases."  She also asserts that this court

9  has subject matter jurisdiction because the defendant is a federal agency.  Plaintiff also

10  references the following statutes, among others, in support of her claims:

11  Cal. Prob. Code § 5204;

12  Cal. Prob. Code § 2103(b);

13  Cal. Prob. Code § 2356e; and

14  Cal. Welf. & Inst. Code § 5276.

15  Plaintiff claims, among other things, that, as a disabled relative, she is entitled to

16  be supported out of her mother's social security benefits.  She also claims that the court-

17  appointed conservator has engaged in elder abuse by disregarding her mother's medical needs.

18  Plaintiff also asserts that she has been prevented from visiting her mother, who is in a nursing

19  home.  As to specific factual allegations, the following are some of what can be gleaned from the

20  first amended complaint:

21  1.    Plaintiff had a special power of attorney with Wells Fargo Bank, which
22  held her mother's bank account;

23  2.    The court-appointed conservator closed out plaintiff's mother's account;

24  3.    Plaintiff had a general power of attorney which was revoked by the
appointment of the conservator;

25  4.    Plaintiff had a power of attorney for health care decisions, which she
26  claims supercedes a conservatorship order; and

5

5.      In April 2004, plaintiff applied to the Social Security Administration to be her mother's representative payee.

Plaintiff has attached numerous supporting documents to the first amended complaint, which shed a great deal of light on her claims.  First, plaintiff attaches a July 9, 1998, opinion letter from Senior Legal Center of Northern California regarding a trust established for the benefit of plaintiff's mother, Verla N. Jones.  The letter states:

> Since the Trust's purpose is to provide for the care, maintenance, or support of the Trustors and their dependents, gifts from the Trust to Robert Paul Jones and Janice B. Jensen were not in accordance with the Trust purposes and a violation of fiduciary principles, unless Trustor Verla N. Jones knowingly authorized said gifts with her signature. . . .  Verla now denies any intention to authorize any of the gifts to Robert or Janice and it is difficult to understand why she would so be motivated.

The letter concludes with the following opinion:

> It appears that Verla Jones has been the victim of serious fiduciary abuse by persons in a position of trust.  I suggest the family get together and work out a plan to undo the abuses that have taken place.  The alternative could be very costly and disruptive to family relations.

A November 16, 1998, letter from attorney Roger Cowling to attorney Dennis Albright concerning plaintiff's case provides additional details:

> The problem is that son, Robert Paul Jones, who is now the co-trustee with mother, has apparently ignored any responsibility that he has to mother as the surviving beneficiary.  I am told by Annamarie Jones that brother transferred $90,000 to sister, Janice in Southern California, with the express and written intent of purchasing a home for mother in Southern California back in July of 1997 and, of course, the house has not been purchased nor will be, and apparently the $90,000 has never been returned to the trust.

In addition to these letters which reveal a family dispute over trust assets, plaintiff also attaches various administrative and judicial documents.  For example, plaintiff attaches a letter from the Supreme Court of California rejecting plaintiff's habeas corpus petition because she cannot proceed pro se on behalf of her mother.  Plaintiff also attaches a 2004 order from the Modoc County Superior Court regarding plaintiff's visitation with her mother.  Specifically, the

6

court ordered limited visitation, directed that such visitation be supervised, and specified that plaintiff could not administer any medications to her mother during the visits.  The order stated that the court-appointed conservator would have the authority to terminate visitation if plaintiff failed to comply with all the conditions imposed.

Particularly revealing is a February 9, 2004, conservatorship order from the Modoc County Superior Court.  That order appointed Modoc County Public Guardian Pauline Cravens as the temporary conservator for Verla Jones.  The order also provided that the conservator would have the power to detain the conservatee in an intensive treatment facility. Further, the order placed the following restrictions on the conservatee prohibiting Verla Jones from: (1) possessing a drivers license; (2) possessing or carrying a firearm; (3) refusing medical treatment related to the conservatee's "being gravely disabled;" (4) refusing routine medical treatment as defined by either an attending or treating physician; and (6) refusing emergency medical treatment.

Finally, plaintiff attaches various documents from the Social Security Administration concerning her request to be appointed her mother's representative payee. Administrative Law Judge ("ALJ") John J. Madden issued an order on March 31, 2005, stating that, pursuant to 20 C.F.R. § 404.903, there is no right of judicial review of an administrative decision denying a request to be made a representative payee.  In a footnote, the ALJ added the following comments:

> In addition, Annamarie Jones challenges the legality of the conservatorship under California law, an issue that is beyond the scope of this proceeding.  Furthermore, although the file contains a statement purportedly from Verla Jones requesting that her daughter be appointed representative payee, this was dated June 1, 2004, after the Letter of Conservatorship had been issued by the court in March 2004.  It is clear that this payee appointment request has been initiated and maintained by Verla Jones.  There has been no request from the Modoc County Public Guardian for a change of representative payee.

/ / /

/ / /

## II.  DISCUSSION

Based on plaintiff's pleadings, it is clear that she is challenging: (1) the lawfulness of the conservatorship ordered by the Modoc County Superior Court; (2) her brother's handling of the trust; and (3) the Social Security Administration's denial of change of representative payee.

Plaintiff claims that her mother's conservatorship is not being appropriately administered.  With respect to each of the California statutes cited by plaintiff, as the court expressed at the December12, 2006, status conference, those statutes confer jurisdiction in the Superior Court of the State of California, not this court.  For example, plaintiff cites Cal. Welf. & Inst. Code § 5276.  That statute, however, specifically states that "[j]udicial review shall be in the superior court for the county in which the facility providing intensive treatment is located . . ."  Similarly, with respect to the trust, Cal. Prob. Code § 1700(a) provides that the state superior court has "exclusive jurisdiction of proceedings concerning . . . trusts."  Except in limited situations, which do not apply in this case, the federal court does not have jurisdiction to sit in review of state court orders.  Put simply, plaintiff's avenue for relief with respect to her claims concerning the conservatorship lies in the state courts.

As to plaintiff's challenge to the Social Security Administration's decision to deny change of representative payee, as the ALJ explained, the regulations make explicitly clear that there is no judicial review of such a decision.

## III.  CONCLUSION

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction to entertain the instant action.  Specifically, there is no judicial review of the Social Security Administration's denial of change of representative payee.  In addition, this court does not have jurisdiction to sit in review of a state court's conservatorship order or a dispute concerning a trust created under state law.  The state courts are vested with that power.  Because

it is now clear that these defects cannot be cured through amendment, plaintiff is not entitled to further leave to amend the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1.      This action is dismissed;

2.      Defendant's motion to dismiss is denied as moot;

3.      The hearing scheduled for April 17, 2007, is vacated; and

4.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:   March 14, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE