IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNAMARIE JONES, | No. CIV S-06-1681-CMK |
| Plaintiff, | |
| vs. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |
| _____/ | |

      Plaintiff brings this pro se civil action.  Pursuant to the consent of the parties, this matter was before the undersigned for all purposes, including final judgment, which was entered on March 15, 2007.[1]  Currently before the court are:  (1) plaintiff's: motion for reconsideration (Docs. 21, 22, and 23) of the court's March 15, 2007, order dismissing this action; and (2) plaintiff's "Emergency Application for Medical Care" (Doc. 26).[2]

---

[1] Plaintiff consented to Magistrate Judge jurisdiction on August 17, 2006. Defendant consented on March 5, 2007.

[2] Because the parties have consented, the court denies plaintiff's request that her motions be heard by a District Judge.

1    The court will first address plaintiff's motion for reconsideration of the judgment
2 of dismissal for lack of subject matter jurisdiction. A motion for reconsideration is appropriately
3 brought under Fed. R. Civ. P. 59(e).[3]  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.
4 1985).  Three grounds may justify reconsideration: (1) an intervening change in controlling law;
5 (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest
6 injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.
7 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015
8 (1988).  In her motion for reconsideration, plaintiff argues that this court has jurisdiction as a
9 matter of equity and that dismissal would result in a "miscarriage of justice."

10   In the March 15, 2007, order dismissing this action, the court explained:

> Based on plaintiff's pleadings, it is clear that she is challenging: (1) the lawfulness of the conservatorship ordered by the Modoc County Superior Court; (2) her brother's handling of the trust; and (3) the Social Security Administration's denial of change of representative payee.
>
> Plaintiff claims that her mother's conservatorship is not being appropriately administered.  With respect to each of the California statutes cited by plaintiff, as the court expressed at the December12, 2006, status conference, those statutes confer jurisdiction in the Superior Court of the State of California, not this court.  For example, plaintiff cites Cal. Welf. & Inst. Code § 5276.  That statute, however, specifically states that "[j]udicial review shall be in the superior court for the county in which the facility providing intensive treatment is located . . ."  Similarly, with respect to the trust, Cal. Prob. Code § 1700(a) provides that the state superior court has "exclusive jurisdiction of proceedings concerning . . . trusts."  Except in limited situations, which do not apply in this case, the federal court does not have jurisdiction to sit in review of state court orders.  Put simply, plaintiff's avenue for relief with respect to her claims concerning the conservatorship lies in the state courts.
>
> As to plaintiff's challenge to the Social Security Administration's decision to deny change of representative payee, as the ALJ explained, the regulations make explicitly clear that there is no judicial review of such a decision.

///

---

[3] Local Rule 78-230(k) also applies.  Rule 230(k) instructs parties seeking reconsideration of a decision on a motion to brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."

1    In the instant motion for reconsideration, plaintiff continues to cite California statute in support of this court's jurisdiction over the subject matter of her claims.  Once again, the court concludes that the state laws plaintiff cites do not confer jurisdiction in the federal courts.  The court cannot make it any more plain – the state laws plaintiff cites relate to the jurisdiction of the state courts. Federal courts – of which this court is one – have extremely limited subject matter jurisdiction.  The proper court to hear plaintiff's claims is the California superior court.  Because there exists a forum for plaintiff's claims, dismissal of the action in this court would not result in a miscarriage of justice, as plaintiff asserts.  For these reasons, as well as the reasons stated in the March 15, 2007, order, plaintiff's motion for reconsideration will be denied.

   Because this court lacks subject matter jurisdiction, it cannot entertain plaintiff's "emergency application."  Again, the proper forum is the state court.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for reconsideration is denied; and

   2. Plaintiff's "emergency application" is denied.

DATED: May 2, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE